

FILED
JUN 27 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br>     v.<br><br>ANGELA MILLIARD and KENNETH MILLIARD,<br><br>          Defendants. | Case No.12-73-M-DLC<br><br>FINAL JUDGMENT AS TO ALL DEFENDANTS |

The Securities and Exchange Commission having filed a Complaint and Defendants Angela Milliard and Kenneth Milliard (collectively "Defendants") having each entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities

convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendants know or have reason to know is nonpublic and know or have reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)  communicating material, nonpublic information relating to a tender offer, which Defendants know or have reason to know is nonpublic and know or have reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

   (i)  to the officers, directors, partners or employees of the offering person, to its advisors or to other

                persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii)   to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Angela Milliard is liable for disgorgement of $20,355.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,614.60, and a civil penalty in the amount of $54,022.11 pursuant to Section 21A of the Exchange Act. Defendant shall satisfy this obligation by paying $75,991.11 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, and shall be accompanied by a letter identifying Angela Milliard as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Angela Milliard shall simultaneously transmit photocopies of such payment and letter to the attention of Marc J. Fagel, Regional Director, at

the Commission's San Francisco Regional Office, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. By making this payment, Defendant Angela Milliard relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Angela Milliard. Defendant Angela Milliard shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

//

//

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kenneth Milliard is liable for disgorgement of $47,805.11, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,765.19, and a civil penalty in the amount of $47,805.11 pursuant to Section 21A of the Exchange Act. Defendant shall satisfy this obligation by paying $99,375.41 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, and shall be accompanied by a letter identifying Kenneth Milliard as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Kenneth Milliard shall simultaneously transmit photocopies of such payment and letter to the attention of Marc J. Fagel, Regional Director, at the Commission's San Francisco Regional Office, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. By making this payment, Defendant

5

Kenneth Milliard relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Kenneth Milliard. Defendant Kenneth Milliard shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Dated this 27th day of June, 2012.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court